UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ISAIAS PEREZ ARGUETA,

    Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

    Respondent.

No. 1:26-cv-03552-DJC-SCR

<u>ORDER</u>

    Before the Court is Petitioner Jose Isais Perez Argueta's Petition for a Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 2). Petitioner has also filed a supplement to this Motion (ECF No. 10). For the reasons stated below, the Petition is denied.

    Petitioner seeks release from the custody of Immigration and Customs Enforcement ("ICE"). Petitioner is a noncitizen from Guatemala, who fled to the United States in 2023 due to torture and political persecution. (Reply (ECF No. 13) at 1; Suppl. Br. (ECF No. 10) at 3.) ICE detained Petitioner in September 2025. (Supp. Br. at 1.) On January 13, 2026, an Immigration Judge denied Petitioner's applications for asylum and protection under the Convention Against Torture and ordered Petitioner removed to Ecuador or, in the alternative, Honduras. (ECF No. 6 at 14.) To date,

Petitioner has been in ICE custody for eight months. (Suppl. Br. at 5.) Throughout this time, Petitioner has not received a bond hearing. (*Id.* at 6.)

Petitioner previously filed a habeas petition seeking release from custody. However, the Court found Petitioner's detention was statutorily authorized by 8 U.S.C. § 1231(a)(2)(A). *Perez Argueta v. Warden, California Det. Facility*, No. 2:26-cv-0777-DJC-CKD, 2026 WL 926072, at *2 (E.D. Cal. Apr. 6, 2026), *report and recommendation adopted sub nom. Perez Argueta v. Warden, California City Det. Facility*, No. 2:26-cv-00777-DJC-CKD, 2026 WL 1189063 (E.D. Cal. Apr. 30, 2026). That section mandates the detention of an individual who has been ordered removed for 90 days. 8 U.S.C. § 1231(a). The Court found Petitioner's removal order became "administratively final" on February 12, 2026, commencing the 90-day removal period. *Perez Argueta*, 2026 WL 926072, at *2. Thus, Petitioner was still within the period for which section 1231 mandates detention. Accordingly, the Court denied the Petition "without prejudice to renewal should petitioner become subject to prolonged detention after expiration of the 90-day removal period of 8 U.S.C. § 1231(a)(2)(A)," which occurred on May 13, 2026. *Id.* at *1–2.

Petitioner now argues he is entitled to release as the 90-day removal period has expired. (Pet. ¶¶ 37–39.) Section 1231(a)(6) permits the detention of noncitizens ordered removed beyond the removal period. 8 U.S.C. § 1231(a)(6). However, the Supreme Court has found an "implicit limitation" on section 1231(a)(6) that limits a noncitizen's "post-removal-period detention to a period reasonably necessary to bring about that [noncitizen's] removal from the United States." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). If a noncitizen has been detained pursuant to this section for longer than six months, the noncitizen must show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701. Once the detainee makes this showing, they are entitled to release unless the Government "respond[s] with evidence sufficient to rebut that showing." *Id.*

2

"Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Liu v. Casey*, No. 26-cv-00720-LL-DEB, 2026 WL 482863, at *5 (S.D. Cal. Feb. 20, 2026) (internal quotation marks omitted).  However, Petitioner must at least supply more than "conclusory statements suggesting that he will not be removed." *Id.* (internal quotation omitted).

Petitioner has not shown that Respondents will not remove him in the reasonably foreseeable future.  Petitioner does not identify any facts indicating his removal is not reasonably foreseeable but rather solely states that "[t]here is no evidence that his removal is imminent." (Suppl. Br. at 4.)  Petitioner's Reply similarly points out that the Government has "presented this Court with no evidence to support [its] assertion" that Petitioner's removal is reasonably foreseeable.  (Reply at 4.) However, Petitioner bears the initial burden of showing that his removal is not reasonably foreseeable.  *Zadvydas*, 533 U.S. at 701.  Petitioner presents no argument or evidence supporting this assertion.

Further, the Government has supplied some evidence that it can remove Petitioner in the reasonably foreseeable future.  The Government presents the Court with copies of Petitioner's "travel documents" in the form of Petitioner's Consular ID Card from Guatemala.  (Opp'n (ECF No. 12) at 2 (citing ECF 6, Exs. 6–7).) Respondents also assert that "ICE advised that Petitioner's removal is imminent and they are ready to effectuate his removal." (*Id.*)  Petitioner argues that the Court should not credit these representations by the Government absent a "sworn declaration from an ICE officer saying ICE is in possession of travel documents" or a "direct statement from someone with knowledge of the supposed arrangements." (Reply at 4, 1.)  While Petitioner may be correct that such scant evidence would be insufficient for Respondents to meet their burden had it shifted to them, Petitioner has nonetheless failed to make the initial showing required to do so.  As Petitioner has not shown there

"is no significant likelihood of removal in the reasonably foreseeable future," he is not entitled to relief on this basis. *Zadvydas*, 533 U.S. at 701.

Petitioner is also not entitled to relief on his remaining claims. Petitioner's supplemental brief asks this Court to "[e]njoin Respondents from removing Petitioner to any third-country, without first following the procedures of 8 U.S.C. § 1231(b)(2)" and the process set forth in *D.V.D. v. U.S. Dep't of Homeland Sec.*, No. 25-cv-10676-BEM, 2025 WL 1453640, at *1 (D. Mass. May 21, 2025). (Suppl. Br. at 10.) Petitioner asserts that Respondents cannot remove Petitioner to Ecuador or Honduras because they have not "followed the proper procedures for removing to a third-country." (Reply at 5.) However, as Petitioner's cited case explains, such procedure must be followed if the Government seeks to remove to noncitizen to "a country other than the country or countries designated during immigration proceedings as the country of removal on the non-citizen's order of removal." *D.V.D.*, 2025 WL 1453640, at *1. Petitioner's order of removal explicitly orders him removed to Ecuador or, in the alternative, Honduras. (ECF No. 6 at 14.) As it appears Petitioner's removal proceedings provided Petitioner an opportunity to raise a fear-based claim against removal to these countries, Petitioner is not entitled to relief on this basis. Finally, for the reasons stated above, Petitioner is also not entitled to a bond hearing under *Diouf v. Napolitano*, 634 F.3d 1081 (9th Cir. 2011) as he has not shown that his removal is not imminent. *See id.* at 1092 n. 13 (explaining that "[i]f the 180–day threshold has been crossed, but the [noncitizen's] release or removal is imminent, DHS is not required to conduct a 180–day review and neither should the government be required to afford the [noncitizen] a hearing before an immigration judge" (citation omitted)); *Zhu v. Seattle ICE Field Off. Dir.*, No. 21-cv-255-TSZ-SKV, 2021 WL 3725653, at *3 (W.D. Wash. Aug. 17, 2021) ("The Ninth Circuit has held that noncitizens subject to prolonged detention under § 1231(a)(6) are entitled to a bond hearing if removal is not imminent.").

*////*

4

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  The Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED without prejudice to refiling if Respondents have not removed Petitioner within a reasonable amount of time, which the Court expects would be approximately 60 days.

2.  The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **July 8, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC7 – PerezArgueta26cv03552.merits

5